IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL K. BOLYARD

        Plaintiff,

v.                                                                Civil Action No. 2:16-CV-28

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

## REPORT AND RECOMMENDATION

**I.    SUMMARY**

The Plaintiff advances two arguments and the Court is persuaded by both. Therefore, the Court recommends that the Plaintiff's [ECF No. 9] Motion for Summary Judgment be granted and the Commissioner's [ECF No. 11] Motion for Summary Judgment be denied.

First, the Plaintiff argues that the administrative law judge (ALJ) inadequately compared the Plaintiff's impairments to the agency's listed impairments. Indeed, the ALJ merely restated the elements of the listed impairments and concluded that the Plaintiff did not meet these elements. Precedent makes clear that this is an inadequate analysis.

Second, the Plaintiff argues that the ALJ did not account for his limitations in concentration, persistence, and pace. The ALJ discussed contrary evidence, however, ultimately concluded that the Plaintiff had some limitations in concentration, persistence, and pace. Yet, the ALJ did not account for these limitations in the Plaintiff's residual functional capacity (RFC), in the hypothetical question posed to the vocational expert (VE), nor explained why these limitations were not included.

## II.     PROCEDURAL HISTORY

In 2010, the Plaintiff, Michael K. Bolyard, filed an application for disability insurance benefits (DIB).  R. 13.  It appears that the Plaintiff's claim was denied because the Plaintiff subsequently filed a second application which is at issue here.  The Plaintiff's second application was filed on May 8, 2012, alleging a disability beginning September 6, 2007.  R. 13.  The Plaintiff's second application was initially denied on January 24, 2013 and again upon reconsideration on June 28, 2013.  R. 13.  Thereafter, the Plaintiff filed a request for a hearing.  R. 13.  The Plaintiff, represented by counsel, appeared and testified at the hearing held on September 9, 2014, as did his wife and an impartial VE.  R. 13.  On October 10, 2014, the ALJ issued an unfavorable decision.  R. 13.  The Appeals Council denied.  R. 1.

On April 5, 2016, the Plaintiff filed a complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying his second application.  ECF No. 1.

## III.    THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920.  The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity.  *Id.* §§ 404.1520(b); 416.920(b).  If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe.  *Id.* §§ 404.1520(c); 416.920(c).  If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings).  *Id.* §§ 404.1520(d);

416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since September 6, 2007, the alleged onset date. R. 16. At step two, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease status-post three surgeries, degenerative disc disease of the cervical spine status-post fusion and discectomy, and depression. R. 16. At the third step, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the Listings. R. 17. The ALJ then determined that the Plaintiff had the following RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) except he can stand up to 30 to 40 minutes, stand and walk for five minutes, maintain periodicity throughout the workday. He can push and pull frequently, but cannot climb ladders, ropes or scaffolds. He could perform bending, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs occasionally, and could frequently reach in all directions with the bilateral upper extremities. He could frequently use a forceful grip, twist, finger and handle, but should avoid direct exposure to vibrations,

and have no concentrated exposure to extremes of cold. He must avoid unprotected heights and mobile machinery. He could participate in uninvolved three to four step tasks only.

R. 18. At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work. R. 24. At step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed." Thus, the ALJ found that the Plaintiff was not disabled.

## IV.     LEGAL STANDARDS

### A.     Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B.     Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a

preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

V. **DISCUSSION**

The Plaintiff advances two arguments. First, the ALJ performed an inadequate step-three analysis of the listed impairments. The Court is persuaded by this argument. Second, the ALJ failed to account for the Plaintiff's limitations in concentration, persistence, and pace. The Court is also persuaded by this argument.

### A. The ALJ Improperly Analyzed the Listed Impairments

The Plaintiff argues that the ALJ failed to perform an inadequate step-three analysis of the listed impairments. The Court is persuaded by this argument.

Under step three, "[t]he Social Security Administration has promulgated regulations containing listings of physical and mental impairments which, if met, are conclusive on the issue of disability." *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) (citations omitted). Thus, a record of the ALJ's application of the Plaintiff's impairments to the Listings is necessary for the Court to engage in a substantial evidence review of whether the ALJ performed a proper step-three analysis. *Id.* at 295 (4th Cir. 2013). Therefore, "[t]he ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the Plaintiff's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

In *Bentley v. Comm'r of Soc. Sec.*, the court found that the ALJ failed to perform the proper analysis as explained in *Cook*. Civil Action No. 1:13CV163, 2014 U.S. Dist. LEXIS 30097, at *66 (N.D.W. Va. Feb. 11, 2014). The *Bentley* court found that "the ALJ simply restated a substantial portion of the language of Listing 1.02(A) without providing any analysis." *Id.* Thus, the court concluded that there is "no explanation that the Court can rely on that indicates why Plaintiff does not meet Listing 1.02(A)." *Id.* at *66-67.

Here, the ALJ simply listed the elements of Listing 1.04 and summarily concluded that the Plaintiff did not meet these elements. Indeed, below is the ALJ's entire analysis:

> Listing 1.04 is not met because the record does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of: A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with

> associated muscle weakness) accompanied by sensory or reflex loss and, positive straight-leg raising or; B. Spinal arachnoiditis or; C. Lumbar spinal stenosis resulting in pseudoclaudication.

R. 16. Therefore, similarly to *Bentley*, there is no explanation of why Listing 1.04 was not met beyond a mere recitation of the elements and a statement that those elements are unsatisfied.

Moreover, the *Bentley* court further discussed *Warner v. Barnhart,* Civil Action No. l:04–cv–8, Docket No. 18, an unpublished opinion addressing a similar issue presented here. Below is the ALJ's analysis in *Warner* which the court found insufficent:

> The undersigned does not believe that the claimant has nerve root compression with limitation of motion of the spine, motor loss with sensory or reflex loss, evidence of inflamed arachnoidal tissue resulting in the need for change of position or posture every two hours, or evidence of stenosis that results in an inability to ambulate effectively. The objective medical evidence also does not show that the claimant had a history of joint pain, swelling and tenderness, with signs of current physical examination of joint inflammation or deformity in two or more major joints resulting in an inability to ambulate effectively or an inability to perform fine and gross movements effectively. The undersigned finds that the claimant did not meet or medically equal any physical listing.

*Id.* at 8. The ALJ's analysis in *Warner* is tantamount to the analysis here. Indeed, both merely restate the elements and assert that the elements are not met.

Furthermore, the Commissioner on appeal before this Court cites medical evidence to support the ALJ's conclusion and argues that because "the ALJ's step-three analysis 'is overwhelmingly supported by the record,' remand of this case for further discussion at step three would be 'a waste of time.'" ECF No. 12 at 9 (citing *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014). The Court is unpersuaded by this argument. Indeed, there is evidence that the Plaintiff has an extensive history of back problems. For example, the ALJ determined that the Plaintiff had a severe impairment of degenerative disc disorder. R. 16. Degenerative disc disorder is one possible means of satisfying Listing 1.04. Thus, "it is not [the Court's] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the

ALJ's justifications that would perhaps find support in the record." *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015).

Therefore, the ALJ failed to explain why the Listings were not met and it is not the Court's role on appeal to search the record to rationalize the ALJ's insufficient analysis.

### B. The ALJ Failed to Account for All of the Plaintiff's Limitations

The Plaintiff argues that the "ALJ credited[1] [the Plaintiff's] statement that 'he can only pay attention for three to five minutes at a time.'" ECF No. 10 at 14 (citing R. 17). Therefore, the Plaintiff argues, "the ALJ was required either to present a hypothetical to the [VE] that included [the three to five minute limitation] or to explain in the RFC assessment why it was unnecessary to include such limitations." ECF No. 10 at 14 (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)). The Court is persuaded by this argument.

The Commissioner argues that the ALJ here adequately explained why the Plaintiff's limitations in concentration, persistence, and pace were not included in his RFC or in the hypothetical question posed to the VE. Indeed, the ALJ explained why the Plaintiff's limitations were not *severe*. For example, the ALJ discussed that, "Ernie Vecchio, M.A., found the claimant's judgment, immediate memory, concentration, persistence, pace, and social functioning were within normal limits." R. 17. Moreover, the ALJ stated that, "State agency consultant, Ann Logan, Ph.D., found the claimant had no more than mild limitations in any area of functioning . . . Consultant Anne-Marie Bercik, Ph.D. agreed." R. 17. Nevertheless, the ALJ found that "[w]hile these consultants retain significant program knowledge and have supported their opinions with explanation, and while the undersigned agrees the record provides very little by way of support for severe mental impairments, the objective evidence from the alleged date of

---

[1] The Plaintiff asserts that the ALJ explicitly "credit[ed]" his statement that he can only pay attention for three to five minutes at a time. However, that is not the case. Rather, the ALJ merely acknowledged that the Plaintiff said it. R. 17.

onset through the date last insured does support finding **some limitations in concentration, persistence, and pace**." R. 17-18 (emphasis added).

Thus, the ALJ explained why the Plaintiff's limitations in concentration, persistence, and pace were not severe. However, the ALJ did find some limitations. Yet, the ALJ did not account for these limitations in the RFC, hypothetical to the VE, or explain why these limitations should not be included. Therefore, the Court is persuaded by the Plaintiff's argument.

## VI.     RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision did not comply with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 9] Motion for Summary Judgment be **GRANTED**; and

2. Commissioner's [ECF No. 11] Motion for Summary Judgment be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as

provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 17, 2017

*/s/ James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE